UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT

| | | |
|---|---|---|
| X.AI LLC,<br><br>Plaintiff-Appellant,<br><br>v.<br><br>KEITH ELLISON, in his official capacity as Attorney General of Minnesota,<br><br>Defendant-Appellee. | ) | No. 26-2806<br><br>**MINNESOTA ATTORNEY GENERAL'S MOTION FOR EXTENSION OF TIME FOR FILING RESPONSE TO APPELLANT'S MOTION FOR INJUNCTION PENDING APPEAL (EXPEDITED HANDLING REQUESTED)** |

Pursuant to Fed. R. App. P. 26(b), Defendant-Appellee respectfully requests a 7-day extension of the deadline to file their response to motion for an injunction pending appeal filed by Plaintiff-Appellant X.AI LLC, until September 28, 2026. In support of this motion, Defendant-Appellee, the Minnesota Attorney General, explains the basis for the requested extension below. **The Attorney General also respectfully requests expedited handling of this motion and a decision by 5:00 p.m. on Tuesday, September 15, so he knows the operative deadline.**

1. After 6:00 p.m. on Friday, September 11, X.AI filed a 30-page motion for injunction pending appeal.
2. The Minnesota Attorney General's deadline to file a response is Monday, September 21, 2026. Fed. R. App. P. 27(a)(3)(A).

3. Good cause exists for a modest, seven-day extension. First, X.AI's motion raises multiple significant issues of law that require adequate time for the Attorney General to address.

4. Second, the Minnesota Attorney General's case team has several competing deadlines and work-related obligations that make responding within the original ten-day period impracticable. Among other things, the Attorney General's litigation team has the following litigation deadlines that overlap with the deadline to respond to the motion for an injunction pending appeal: drafting a response to a preliminary injunction motion in a constitutional matter; drafting a Minnesota Supreme Court reply brief; drafting and filing a motion to dismiss in a constitutional matter; drafting and filing three summary judgment opposition briefs in three coordinated state constitutional cases; drafting a reply brief in a Title IX lawsuit by the federal government against Minnesota that seeks significant damages. Several of these cases are complex. These work-related obligations will impair the team's ability to devote the appropriate amount of time and attention to preparing the Minnesota Attorney General's response to X.AI's motion. The requested extension will ensure that counsel have time to fully brief the important issues in this case.

5. Third, a modest seven-day extension is appropriate because of the equities. X.AI's motion seeks to enjoin (passed nearly unanimously) a bipartisan, democratically-enacted law that has already gone into effect; as a result, its requested relief will alter the status quo. The challenged law tackles horrific conduct that **all parties** agree should be (and can be) proscribed. X.AI brings a First Amendment claim and argues the law goes too far.

6. Specifically, X.AI offers nudification technology, which is a tool that allows people to digitally strip people depicted in images and videos. This technology enables digital sexual victimization on demand—as X.AI's own complaint notes, this tool is free; requires "no artistic training, no technical knowledge, and no specialized software"; and yields results in seconds. (Doc. 1, at ¶¶ 23-24.) Predictably, this tool has unleashed a flood of child sexual abuse material (CSAM) and other forms of digital sexual victimization on artificial intelligence (AI) platforms. (*Id.* ¶ 26.) The Minnesota Legislature, in a nearly unanimous law, addressed this obvious harm with an upstream solution. House File 1606 prohibits the nudification tools that are mostly closely linked to the recent flood of CSAM and other forms of digital sexual violence on AI platforms.

7. X.AI filed its lawsuit on July 27, 2026, and filed a motion for a temporary restraining order and preliminary injunction on July 29, 2026.

8. The district court denied the TRO motion (Doc. 21) and the preliminary injunction motion. (Doc. 54.)

9. In its order denying the preliminary injunction motion, the district court concluded X.AI had not shown that it will suffer irreparable harm; and that the public interest and balance of harms prongs (which merge when the government is the non-movant) favored denying the motion. The district court did not address the merits and noted that they are complex.

10. X.AI appealed the preliminary injunction order and filed a motion for an injunction pending appeal. In the meantime, on August 26, 2026, the parties agreed to a stay of the district court proceedings pending resolution of the preliminary injunction motion.

11. The purpose of a preliminary injunction "is to preserve the status quo." *Missouri v. Trump*, 128 F.4th 979, 990 (8th Cir. 2025). Here, Minnesota's law was passed and enacted on May 7, 2026—over four months ago—with an effective date of August 1, 2026. The law went into effect on that day and has been in effect for over one month. Before the district court, X.AI represented that it took steps to comply with the law and continued to do so at least through the preliminary injunction hearing before the district court. That is the status quo, and X.AI's request for an injunction pending appeal would disrupt this situation by forcing the parties back in time more than a

month. Before the court takes that extraordinary step, it should do so on adequate briefing, which a seven-day extension will facilitate.

12. This is the Minnesota Attorney General's first request for an extension of time before this Court in the above-captioned matter.

13. Counsel for the Minnesota Attorney General has conferred with counsel for X.AI and it opposes this motion.

Dated: September 14, 2026

Respectfully submitted,

KEITH ELLISON
Attorney General
State of Minnesota

s/ Janine Kimble

PETER J. FARRELL (#0393071)
Acting Solicitor General
JANINE KIMBLE (#0392032)
MARGARET JACOT (#0346755)
MADELEINE DEMEULES (#0402648)
Assistant Attorneys General

445 Minnesota Street, Suite 600
St. Paul, Minnesota 55101-2125
(651) 757-1415 (Voice)
(651) 282-5832 (Fax)
janine.kimble@ag.state.mn.us

*Attorneys for Defendant*

## CERTIFICATE OF COMPLIANCE

1. This motion complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A) because this motion contains 837 words, excluding the parts exempted under Fed. R. App. P. 32(f).

2. This motion complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this motion has been prepared in a proportionally spaced typeface using Microsoft Word for Office 365.

3. All required privacy redactions have been made pursuant to 8th Cir. R. 25A(i).

4. Paper copies are not required for this motion.

5. This motion has been scanned and is free of viruses.

s/ Janine Kimble
JANINE KIMBLE

## CERTIFICATE OF SERVICE

I hereby certify that on September 14, 2026, I electronically filed the foregoing document with the Clerk of the Court for the United States Court of Appeals for the Eighth Circuit by using the CM/ECF system. I further certify that service will be accomplished to all registered CM/ECF users by the CM/ECF system.

s/ Janine Kimble
JANINE KIMBLE