No. 26-2806

---

**IN THE**
**UNITED STATES COURT OF APPEALS**
**FOR THE EIGHTH CIRCUIT**

---

X.AI LLC,

*Plaintiff-Appellant*,

v.

KEITH ELLISON, IN HIS OFFICIAL CAPACITY, AS ATTORNEY GENERAL OF MINNESOTA,

*Defendant-Appellee*.

---

On Appeal from the United States District Court for the District of Minnesota, Case No. 0:26-cv-03425-DWF-DTS
Judge Donovan W. Frank

---

# PLAINTIFF-APPELLANT'S OPPOSITION TO DEFENDANT-APPELLEE'S MOTION FOR EXTENSION OF TIME TO RESPOND TO EMERGENCY MOTION FOR AN INJUNCTION PENDING APPEAL

---

Kenton J. Skarin
Reid Coleman
SPACEXAI LLC
800 West Cesar Chavez Street
Austin, TX 78701
kskarin@x.ai
rcoleman@x.ai

Robert E. Dunn
*Counsel of Record*
EIMER STAHL LLP
1999 S. Bascom Ave., Suite 1025
Campbell, CA 95008
(408) 889-1690
RDunn@eimerstahl.com

Johnathan Hall
Eimer Stahl LLP
224 S. Michigan Ave., Suite 1100
Chicago, IL 60604
(312) 660-7600
jhall@eimerstahl.com

Todd A. Noteboom
Andrew P. Leiendecker
Sarah R. Almquist
STINSON LLP
50 South Sixth Street, Suite 2600
Minneapolis, MN 55402
(612) 335-1500
todd.noteboom@stinson.com
andrew.leiendecker@stinson.com
sarah.almquist@stinson.com

*Counsel for Plaintiff-Appellant SpaceXAI LLC*

## INTRODUCTION

SpaceXAI and its users are currently suffering irreparable constitutional harm due to Minnesota's decision to enact a content-based speech restriction with none of the normal safeguards found in narrower laws. Before this litigation began, SpaceXAI offered to proceed on a non-emergency timeline if Minnesota would agree to stay enforcement, as is often done in such cases. Minnesota refused.

Given that refusal, faced with the loss of First Amendment rights, and under threat from Minnesota's $500,000 per violation penalty, SpaceXAI had no choice but to implement changes to its software and request a preliminary injunction. Minnesota's response at every turn has been to litigate sideshows and seek more delay—including by opposing one SpaceXAI amicus below and receiving more time to respond to another, only to entirely ignore the filing.

Rather than follow Federal Rule of Appellate Procedure 27's standard timeline, Minnesota now has again requested an extension. That extension should be denied. In this Court, "[r]equests for extension of time are not favored and are not granted routinely." U.S. Ct. of App. 8th Cir., Internal Operating Procedures § III.J.1. Defendant-Appellee

offers no compelling basis to deviate from this default rule. These are not new issues; given Minnesota's choice to litigate on an expedited schedule, SpaceXAI has been forced to draft a complaint, injunctive motion, district court stay motion, and now a Rule 27 motion in the past seven weeks. Minnesota has responded to each with the same argument; it does not need more time to repackage its supposed justifications for its unconstitutional law.

## ARGUMENT

Defendant-Appellee's Extension Motion should be denied.

***First***, SpaceXAI and its users face undisputed ongoing, irreparable harm, which grows with each day and is worsened by any delay. Since August 1, 2026, SpaceXAI's users have been barred from creating expression protected by the First Amendment because Minn. Stat. § 325E.91 has forced SpaceXAI to restrict Grok Imagine's image-editing features for every Minnesota user to avoid crippling penalties. Emergency Mot. 27. The "loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." *Elrod v. Burns*, 427 U.S. 347, 373 (1976). Beyond these ongoing First Amendment violations, SpaceXAI has incurred, and continues to incur,

compliance costs to implement these restrictions—costs that Minnesota does not dispute and admittedly will not reimburse. Emergency Mot. 31. These unrecoverable economic and operational injuries also constitute irreparable harm. *E.g.*, *Ala. Ass'n of Realtors v. Dep't of Health and Hum. Servs.*, 594 U.S. 758, 765 (2021).

Indeed, given the concerns regarding irreparable harm generally involved with a motion for a preliminary injunction, the Federal Rules of Appellate Procedure expressly authorize this Court to grant a motion for injunction pending appeal "before the 10-day period runs" on the deadline to respond to that motion "if the court gives reasonable notice to the parties that it intends to act sooner." Fed. R. App. P. 27(a)(3)(A).

The state suggests that granting an injunction pending appeal would disrupt the status quo. Minnesota is wrong. Courts have long recognized that the status quo is "the last actual, peaceable uncontested status which preceded the pending controversy." *N. Am. Soccer League, LLC v. U.S. Soccer Fed'n, Inc.*, 883 F.3d 32, 37 (2d Cir. 2018); *see also Minn. Min. & Mfg. Co. v. Meter ex rel. NLRB*, 385 F.2d 265, 273 (8th Cir. 1967) (similar). Here, the relevant status quo is before Minnesota's

unconstitutional law went into effect. An injunction pending appeal would restore the status quo, not disrupt it.

And restoring the pre-enactment status quo will cause no harm to the State's interests. It is already unlawful to use image-alteration tools to create nonconsensual, sexually explicit images, *see* Minn. Stat. § 617.262; SpaceXAI's own terms of service prohibit using Grok Imagine to create such images, Dkt. 40 ¶ 12; and the undisputed record shows that Grok Imagine has rigorous protections in place to prevent the creation of sexualized images of real people, Dkt. 40 ¶¶ 13-14. An injunction prohibiting the State from enforcing the statute against SpaceXAI pending appeal would leave those protections fully intact and withdraw only Minnesota's additional, unconstitutional speech restrictions.

***Second***, Defendant-Appellee has not shown good cause for his requested extension. Pursuant to Rule 27, Defendant-Appellee has ten days to prepare a response to SpaceXAI's emergency motion. *See* Fed. R. App. P. 27(a)(3)(A). Defendant-Appellee's arguments in opposition to the Emergency Motion presumably will mirror the positions he already briefed before the district court. *See* Dkt. 20; Dkt. 38; Dkt. 48.

Against this backdrop, it strains credulity for Defendant-Appellee to suggest that ten days is insufficient "to address" the "issues of law" raised in SpaceXAI's Emergency Motion. Extension Mot. ¶ 3. Defendant-Appellee has not provided good cause to deviate from this Court's general rule that "[r]equests for extension of time are not favored and are not granted routinely." U.S. Ct. of App. 8th Cir., Internal Operating Procedures § III.J.1; *see also* Fed. R. App. P. 27 – advisory committee notes to 1998 amendment (explaining 10-day response deadline exists to "reduce the number of motions for extension of time" and "provide a more realistic time frame within which to make and dispose of such a motion") *cf. Kleem v. I.N.S.*, 479 U.S. 1308, 1308 (1986) (concluding a stated "desire for additional time to research constitutional issues" "does not meet the standard of 'good cause shown' for the granting of a disfavored extension").

## CONCLUSION

SpaceXAI requests that this Court deny Defendant-Appellee's Motion for Extension of Time to Respond to Emergency Motion for an Injunction Pending Appeal.

Dated: September 14, 2026

Respectfully submitted,

/s/ *Robert E. Dunn*
Robert E. Dunn
*Counsel of Record*
EIMER STAHL LLP
1999 S. Bascom Ave., Suite 1025
Campbell, CA 95008
(408) 889-1690
RDunn@eimerstahl.com

Johnathan Hall
EIMER STAHL LLP
224 S. Michigan Ave., Suite 1100
Chicago, IL 60604
(312) 660-7600
jhall@eimerstahl.com

Todd A. Noteboom
Andrew P. Leiendecker
Sarah R. Almquist
STINSON LLP
50 South Sixth Street, Suite 2600
Minneapolis, MN 55402
(612) 335-1500
todd.noteboom@stinson.com
andrew.leiendecker@stinson.com
sarah.almquist@stinson.com

Kenton J. Skarin
Reid Coleman
SPACEXAI LLC
800 West Cesar Chavez Street
Austin, TX 78701
kskarin@x.ai
rcoleman@x.ai

*Counsel for Plaintiff-Appellant*
*SpaceXAI LLC*

## CERTIFICATE OF COMPLIANCE

I hereby certify that this Opposition to Defendant-Appellee's Motion for Extension of Time to Respond to Emergency Motion for an Injunction Pending Appeal: (1) complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 910 words, excluding the parts exempted by Rule 32(f); and (2) complies with the typeface requirements of Rule 32(a)(5) and the type-style requirements of Rule 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Century Schoolbook.

*/s/ Robert E. Dunn*
Robert E. Dunn

*Counsel for Plaintiff-Appellant*
*SpaceXAI LLC*

## **CERTIFICATE OF ELECTRONIC SUBMISSION**

I hereby certify that: (1) any required privacy redactions have been made; and (2) this Opposition to Defendant-Appellee's Motion for Extension of Time to Respond to Emergency Motion for an Injunction Pending Appeal has been scanned for viruses and is free from viruses.

*/s/ Robert E. Dunn*
Robert E. Dunn

*Counsel for Plaintiff-Appellant*
*SpaceXAI LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on September 14, 2026, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Eighth Circuit by using the CM/ECF system, which will serve all counsel of record.

*/s/ Robert E. Dunn*
Robert E. Dunn

*Counsel for Plaintiff-Appellant*
*SpaceXAI LLC*